*263 Curia, per
Evans, J.
It appears from the report of this case, that the presiding Judge charged the jury that “ Edmund Rhett’s being the professional partner of Albert Rhett, did not of itself authorize him to act in the place of his absent brother, so as to affect the rights of Ann Beck, even if he had directed the bill of sale to be tendered, &c., as stated by Branch.” The agency was to Albert Rhett alone. The correctness of this as a legal proposition, is brought in question by the grounds of appeal, and it becomes the duty of this Court to decide it. The business confided by Williams’s letter to Albert Rh'e'tt, was to take care of the plaintiff’s interest' against Beck's creditors. This he could only do by ascertaining what her rights were, according to law, and then decide what course would best protect and secure them. Her rights were in collision with the creditors of Beck; and to decide what these rights were, as well as how they were to be protected and secured, were questions requiring legal knowledge to decide and determine. The business, therefore, committed by the plaintiff to Mr. Albert Rhett, was one which had connection with his professional employment; and if, in the exercise of the authority thus committed to him, he had ordered the sale of the negro, or had received the money afterwards, in confirmation of the sale, there would be but little doubt that the plaintiff would have been bound. Assuming, therefore, (and I think there is no reasonable ground to doubt it,) that the business committed by Williams’s letter to Mr. Albert Rhett, was professional, is not he, and consequently his principal, bound by the act of Mr. E. Rhett, the professional'partner of Albert RhettThe general rule is, that partners are bound by the acts of each other, in all matters within the scope of the partnership business. It is on the principle that the act of one is the act of both; that each agreed, on the formation of the partnership, that the other should act for him in all matters connected with their partnership business. The acts of each are the acts of both, and neither is at liberty to disaffirm what the other does. In this matter, therefore, the act of E. Rhett may be considered as the act of Albert Rhett. If a plaintiff should write a letter of instruction to one of a law copartnership, directing the commence *264 ment or prosecution of a suit, and the letter should come into the hands of the partner, who should commence the suit without consulting the one to whom the letter was directed, could the act be disaffirmed by either the principal or the other partner, unless it should appear that the power was specially and exclusively delegated to the one to whom the letter was addressed'? Or if a man in the country should, by letter addressed to one of a firm in the brokerage or commission - business, direct the purchase or sale of some article of property, could not another partner, in the absence of the one to whom the letter was addressed, effect the sale or purchase, so as to bind the principal'? It can hardly be denied the plaintiff would have been bound by the acts of Albert Rhett; and by the very nature of a partnership, the acts ofEdmund are the acts of Albert Rhett, by which he is as much bound as if he had acted himself. If, therefore, Mr. Edmund Rhett did authorize or affrm this sale, it seems to me the plaintiff is bound by it. I do not say he did any such act. I should rather conclude from the testimony he did not; but these are matters which should be passed on by the jury, and as the presiding Judge in his view of the law thought them immaterial, a majority of this Court are of opinion a new trial should be granted, and it is so ordered.
Butler and Wardlaw, Justices, concurred.